| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Erica Loftis, Esq. (SBN: 259286)<br>Adam P. Thursby, Esq. (SBN 318465)<br>GHIDOTTI \| BERGER LLP<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705<br>Ph:  (949) 427-2010<br>Fax: (949) 427-2732<br>bknotifications@ghidottiberger.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Carvana, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>Kerry Kent Keisel,<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:20-bk-12505-ES<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br><br>**(PERSONAL PROPERTY)** |
| | DATE:12/10/2020<br>TIME: 10:00 am<br>COURTROOM: 5A |

| **Movant:** | Carvana, LLC, its successors and/or assignees |
|---|---|

1. **Hearing Location**:

    ☐ 255 East Temple Street, Los Angeles, CA 90012    ☒ 411 West Fourth Street, Santa Ana, CA 92701
    ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
    ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.  ☐  An application for order setting hearing on shortened notice and remains pending.  After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  _11/17/2020_

Ghidotti Berger, LLP
_____
Printed name of law firm (if applicable)

Erica Loftis
_____
Printed name of individual Movant or attorney for Movant


/s/ Erica Loftis
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1. Movant has a perfected security interest in the Property.

2. **The Property at Issue (Property):**

   a. ☒ Vehicle (*year, manufacturer, type, and model*): 2014 Jeep Grand Cherokee

      *Vehicle Identification Number*:1C4RJFJT8EC554697
      *Location of vehicle (if known)*:

   b. ☐ Equipment (*manufacturer, type, and characteristics*):

      *Serial number(s)*:

      *Location (if known)*:

   c. ☐ Other Personal Property (*type, identifying information, and location*):

3. **Bankruptcy Case History:**

   a. ☒ A voluntary bankruptcy petition   ☐ An involuntary bankruptcy petition
      under chapter  ☒ 7  ☐ 11  ☐ 12  ☐ 13  was filed on (*date*)  09/03/2020  .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

   c. ☐ Plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☒ The fair market value of the Property is declining and payments are not being made to Movant
                sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's
                obligation to insure the collateral under the terms of Movant's contract with Debtor.

         (D) ☐ Other (*see attached continuation page*).

      (2) ☐ The bankruptcy case was filed in bad faith.

         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
                commencement documents.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(3) ☐ (*Chapter 12 or 13 cases only*)  All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due
☐ postpetition preconfirmation    ☒ postpetition postconfirmation.

(4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

(5) ☒ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

(6) ☐ Movant regained possession of the Property on (*date*) _____, which is
☐ prepetition ☐ postpetition.

(7) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for Annulment of the Stay.**  Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

c. ☐ Other (*specify*):

6. ☒ **Evidence in Support of Motion: *(Declaration(s) must be signed under penalty of perjury and attached to this motion)***

a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) _____.

d. ☒ Other: NADA valuation setting value of the Vehicle at $22,625.00, Exhibit 3.

7. **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                                    **F 4001-1.RFS.PP.MOTION**

**Movant requests the following relief:**

1.  Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)

2.  ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3.  ☐ Confirmation that there is no stay in effect.

4.  ☐ The stay is annulled retroactive to the petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5.  ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7.  ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8.  ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9.  ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☒ If relief from stay is not granted, the court orders adequate protection.

12. ☐ See continuation page for other relief requested

Date:  _11/17/2020_

Ghidotti Berger, LLP
_____
Print name of law firm

Erica Loftis
_____
Print name of individual Movant or attorney for Movant

/s/ Erica Loftis
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## PERSONAL PROPERTY DECLARATION

I, (name of declarant) _Jennifer Cruise_ , declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding Movant's interest in the Property (specify):

    a.  ☐  I am the Movant.

    b.  ☒  I am employed by Movant as (title and capacity): _Senior Manager_

    c.  ☐  Other (specify):

2.  a.  ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐  Other (see attached):

3.  The Property is:

    a.  ☒  Vehicle (year, manufacturer, type, model and year): 2014 Jeep Grand Cherokee

        Vehicle Identification Number: 1C4RJFJT8EC554697
        Location of vehicle (if known):

    b.  ☐  Equipment (manufacturer, type, and characteristics):

        Serial number(s):
        Location (if known):

    c.  ☐  Other personal property (type, identifying information, and location):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  The nature of Debtor's interest in the Property is:

    a.  ☒  Sole owner

    b.  ☐  Co-owner (specify):

    c.  ☐  Lessee

    d.  ☐  Other (specify):

    e.  ☒  Debtor  ☒ did  ☐ did not  list the Property in the schedules filed in this case.

5.  ☐  The lease matured or was rejected on (date) _____:

    a.  ☐  rejected

       (1)  ☐  by operation of law.

       (2)  ☐  by order of the court.

    b.  ☐  matured.

6.  Movant has a perfected security interest in the Property.

    a.  ☒  A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor to Movant is attached as Exhibit  1_____.

    b.  ☒  The Property is a motor vehicle, boat, or other personal property for which a certificate of title is provided for by state law.  True and correct copies of the following items are attached to this motion:

       (1)  ☒  Certificate of title ("pink slip") (Exhibit  2_____).

       (2)  ☐  Vehicle or other lease agreement (Exhibit _____).

       (3)  ☐  Security agreement (Exhibit _____).

       (4)  ☐  Other evidence of a security interest (Exhibit _____).

    c.  ☐  The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law.  True and correct copies of the following items are attached to this motion:

       (1)  ☐  Security agreement (Exhibit _____).

       (2)  ☐  UCC-1 financing statement (Exhibit _____).

       (3)  ☐  UCC financing statement search results (Exhibit _____).

       (4)  ☐  Recorded or filed leases (Exhibit _____).

       (5)  ☐  Other evidence of perfection of a security interest (Exhibit _____).

    d.  ☐  The Property is consumer goods.  True and correct copies of the following items are attached to this motion:

       (1)  ☐  Credit application (Exhibit _____).

       (2)  ☐  Purchase agreement (Exhibit _____).

       (3)  ☐  Account statement showing payments made and balance due (Exhibit _____).

       (4)  ☐  Other evidence of perfection of a security interest (if necessary under state law) (Exhibit _____).

    e.  ☐  Other liens against the Property are attached as Exhibit _____.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 4001-1.RFS.PP.MOTION**

7.  Status of Movant's debt:

    a.  The amount of the monthly payment: $ 659.00 _____.

    b.  Number of payments that became due and were not tendered:  ☒ prepetition.  ☒ postpetition.

    c.  Total amount in arrears: $ 1,992.00 _____

    d.  Last payment received on (*date*): 07/23/2020 ____.

    e.  Future payments due by the anticipated hearing date (*if applicable*): _____
        An additional payment of $ 659.00 _____ will come due on (*date*) 11/22/2020 ___, and on
        the 22nd _____ day of each month thereafter.  If the payment is not received by the 6th
        day of the month, a late charge of $ 5.00 _____ will be charged under the terms of the loan.

8.  ☐  Attached as Exhibit _____ is a true and correct copy of a POSTPETITION payment history that accurately
        reflects the dates and amounts of all payments made by the Debtor since the petition date.

9.  Amount of Movant's debt:

    a.  Principal:.................................................................................. $ 25,933.06 _____
    b.  Accrued interest: ........................................................................ $ 1,547.23 _____
    c.  Costs (attorney's fees, late charges, other costs):............................. $ 15.00 _____
    d.  Advances (property taxes, insurance): ............................................ $ _____
    e.  TOTAL CLAIM as of 11/12/2020 :..................................................... $ 27,495.29 _____

10.  ☒  (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is: $ 22,625.00 _____
        This valuation is based upon the following supporting evidence:

    a.  ☒  This is the value stated for property of this year, make, model, and general features in the reference guide
            most commonly used source for valuation data used by Movant in the ordinary course of its business for
            determining the value of this type of property.  True and correct copies of the relevant excerpts of the most
            recent edition of the reference guide are attached as Exhibit 3 _____.

    b.  ☐  This is the value determined by an appraisal or other expert evaluation.  True and correct copies of the
            expert's report and/or declaration are attached as Exhibit _____.

    c.  ☐  The Debtor's admissions in the Debtor's schedules filed in the case.  True and correct copies of the relevant
            portions of the Debtor's schedules are attached as Exhibit _____.

    d.  ☐  Other basis for valuation (*specify*):

    ┌─────────────────────────────────────────────────────────────────────────────────────┐
    │ **NOTE:**  If valuation is contested, supplemental declarations providing additional foundation for the │
    │            opinions of value should be submitted.                                     │
    └─────────────────────────────────────────────────────────────────────────────────────┘

11.  Calculation of equity in Property:

    a.  ☐  **11 U.S.C. § 362(d)(1) - Equity Cushion:**

        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s)
        senior to Movant's debt is $ _____ and is _____% of the fair market value of the
        Property.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                      Page 8                                      **F 4001-1.RFS.PP.MOTION**

b. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity**:

> By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate that the Debtor's equity in the Property is $ (4,870.29)                    .

12. ☒ The fair market value of the Property is declining because:
The Vehicle appears to be continued to be used by Debtor. According to NADA, the Vehicle is valued at $22625.00, See Exhibit 3 attached hereto.

13. ☒ The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit  4       .

14. ☐ Movant regained possession of the Property on (date) _____, which is:   ☐ prepetition   ☐ postpetition.

15. ☐ (Chapter 12 or 13 cases only) Status of Movant's debt and other bankruptcy case information:

a. The 341(a) meeting of creditors is currently scheduled for (or concluded on) (date) _____
A plan confirmation hearing is currently scheduled for (or concluded on) (date) _____
The plan was confirmed on (if applicable) (date) _____

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID after the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postconfirmation payments due BUT REMAINING UNPAID after the plan confirmation date (if applicable):

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:          $
(For details of type and amount, see Exhibit _____)

e. Attorneys' fees and costs:          $
(For details of type and amount, see Exhibit _____)

f. Less suspense account or partial paid balance:          $ [          ]

TOTAL POSTPETITION DELINQUENCY:          $

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 9                          F 4001-1.RFS.PP.MOTION

g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. The plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (*specify*):


18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property:

        (1) Case name: _____
            Chapter: _____    Case number: _____
            Date filed: _____    Date discharged: _____    Date dismissed: _____
            Relief from stay regarding the Property ☐ was ☐ was not granted.

        (2) Case name: _____
            Chapter: _____    Case number: _____
            Date filed: _____    Date discharged: _____    Date dismissed: _____
            Relief from stay regarding the Property ☐ was ☐ was not granted.

        (3) Case name: _____
            Chapter: _____    Case number: _____
            Date filed: _____    Date discharged: _____    Date dismissed: _____
            Relief from stay regarding the Property ☐ was ☐ was not granted.

        ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

        ☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c.  ☐  For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

11/17/2020 ___ _Jennifer Cruise_ _____      _____
Date                    Printed Name                              Signature

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# EXHIBIT "1"

DocuSign Envelope ID: 082F0380-7125-405B-BCAF-8D0E2040C7B
This is a copy view of the Authoritative Copy held
by the designated custodian.

CA-102 10/10/2015

# Conditional Sale Contract and Security Agreement

| Seller Name and Address | Buyer and Co-Buyer Name(s) and Address(es) | |
|---|---|---|
| CARVANA, LLC | **Kerry Kent Keisel** | Contract No. _____ |
| 1631 NAVAHO DR | **8111 windy sea cir** | Date  08/23/19 |
| RALEIGH NC -7532 | Huntington Beach  CA 92647 | |

Dealer # ____N/A____    ROS# ____N/A____    Stock # ____    _

Primary use of the vehicle is personal, family, or household use unless otherwise indicated:  ☐ Primary use is business, commercial or agricultural purpose.

## Truth-In-Lending Disclosure

| Annual Percentage Rate The cost of your credit as a yearly rate. | Finance Charge The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid when you have made all scheduled payments. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 400.00 |
|---|---|---|---|---|
| 17.90 % | $ 18,448.04 | $ 28,964.25 | $ 47,412.29 | $ 47,812.29 |

(e) means estimate

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 71 | $ 659.00 | monthly beginning    09/22/19 |
| 1 | $ 623.29 | 08/22/25 |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.
**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.
**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.
**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| New/Used | Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|---|
| Used | 2014 | Jeep | Grand Cherokee | 4x4 Summit 4dr SUV | 1C4RJFJT8EC554697 | 67190 |

## Trade-In Description; Payoff Accuracy; Agreement

**Trade-In Vehicle:**

| N/A | N/A | N/A |
|---|---|---|
| Year | Make | Model |
| N/A | | N/A |
| Odometer | | VIN |

The payoff amount of your trade-in is shown in 6.B. of the Itemization of Amount Financed on Page 2. We relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the amount shown in 6.B. You understand the payoff amount is an estimate. You agree that if the actual payoff amount is greater than the payoff amount shown in 6.B. you will pay us the difference if we ask for it. If the actual payoff amount is less than the amount shown in 6.B. we will refund to you any overage we receive from your prior lienholder or lessor. Subject to the NOTICE in the "Owner Agreement" section of this Contract, any assignee of this Contract will not be obligated to pay the amount shown in 6.B. or any refund.

**Buyer:**  Kerry Kent Keisel         **Co-Buyer:** _____

## Important Notices

**Seller Assisted Loans.**
You may be required to pledge security for the loan. You will be obligated to pay the installment payments on both this Conditional Sales Contract and the Loan.

Lender on loan ____N/A____
Amount $ ____N/A____  Finance Charge $ ____N/A____
Total $ ____N/A____  Payable in ____N/A____  installments of $ ____N/A____ , $ ____N/A____ of loan proceeds included in item 6.D. of the Itemization of Amount Financed on Page 2.

**Auto Broker Fee.**
**If the Vehicle is new, this transaction is not subject to a fee received by an auto broker from us unless this box is checked:**

☐ Name of auto broker receiving fee: _____

N/A

COPY VIEW

DocuSign Envelope ID: 030F4850A-7125-4638-BCAF-8BB2D40DC7B

This is a copy view of the Authoritative Copy held
by the designated custodian

## Itemization of Amount Financed *(Seller may retain or receive part of the amounts paid to others.)*

| | | | |
|---|---|---|---|
| 1. Cash Price Itemization | | | $ 23,900.00 |
| A. Cash Price (excluding items 1.B to L.3) | | | |
| 1. Cash Price of Vehicle | | $ 23,900.00 | |
| 2. Cash Price of Accessories | | $ N/A | |
| 3. Other ___ N/A | | $ N/A | |
| ___ N/A | | $ N/A | |
| B. Document Processing Charge (not a governmental fee) | | | $ N/A |
| C. Emissions Testing Charge (not a governmental fee) | | | $ N/A |
| D.1 (Optional) Theft Deterrent Device paid to ___ N/A | | | $ N/A |
| D.2 (Optional) Theft Deterrent Device paid to ___ N/A | | | $ N/A |
| D.3 (Optional) Theft Deterrent Device paid to ___ N/A | | | $ N/A |
| E.1 (Optional) Surface Protection Product paid to ___ N/A | | | $ N/A |
| E.2 (Optional) Surface Protection Product paid to ___ N/A | | | $ N/A |
| F. EV Charging Station paid to ___ N/A | | | $ N/A |
| G.1 Sales Tax (on taxable items in A through F.) | | | $ 2,091.25 |
| G.2 Other Taxes ___ N/A | | | $ N/A |
| H. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) paid to ___ N/A | | | $ N/A |
| I.1 (Optional) Service Contract paid to ___ Vehicle Protection | | | $ 1,850.00 |
| I.2 (Optional) Service Contract paid to ___ N/A | | | $ N/A |
| I.3 (Optional) Service Contract paid to ___ N/A | | | $ N/A |
| I.4 (Optional) Service Contract paid to ___ N/A | | | $ N/A |
| I.5 (Optional) Service Contract paid to ___ N/A | | | $ N/A |
| J. Prior Credit or Lease Balance paid to ___ N/A (e) | | | $ 0.00 |
| (see down payment and trade-in calculation) | | | |
| K. Optional Gap Waiver paid to Seller | | | $ 695.00 |
| L.1 (Optional) Used Vehicle Contract Cancellation Option Agreement | | | $ N/A |
| L.2 Other paid to ___ Carvana for ___ Delivery Fees | | | $ 399.00 |
| L.3 Other paid to ___ for ___ N/A | | | $ N/A |
| M. Total Cash Price (A through L.3) | | | $ 28,935.25 (1) |
| 2. Amounts Paid to Public Officials | | | |
| A. License Fees | | | $ 429.00 |
| B. Registration/Transfer/Titling Fees | | | $ 9.00 |
| C. California Tire Fees | | | $ N/A |
| D. Other ___ N/A | | | $ N/A |
| Total Official Fees (A through D) | | | $ 429.00 (2) |
| 3. Amount Paid to Insurance Companies (See Statement of Insurance, Totals (1) and (2)) | | | $ N/A (3) |
| 4. ☐ State Emissions Certification Fee or ☐ State Exemption Fee (Paid to State) | | | $ N/A (4) |
| 5. Subtotal (1 through 4) | | | $ 29,364.25 (5) |
| 6. Total Downpayment | | | |
| A. Agreed Trade-In Value | | | $ 0.00 |
| B. Less Prior Credit or Lease Balance (e) | | | $ N/A |
| C. Net Trade-In (A less B) (indicate if a negative number) | | | $ 0.00 |
| D. Deferred Downpayment | | | $ N/A |
| E. Manufacturer's Rebate | | | $ N/A |
| F. Other ___ N/A | | | $ N/A |
| G. Cash | | | $ 400.00 |
| Total Downpayment (C through G) | | | $ 400.00 (6) |
| (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1.J. above) | | | |
| 7. Prepaid Finance Charge | | | $ N/A (7) |
| 8. Amount Financed (5 less 6 and 7) | | | $ 28,964.25 (8) |

This is a copy view of the Authoritative Copy held

## Statement of Insurance

NOTICE. No person is required as a condition precedent to financing the purchase of an automobile that any insurance be negotiated or purchased through a particular insurance agent or broker.

You must insure the Vehicle and other property securing this Contract. See the "Property Insurance" section on Page 5 of this Contract. You are not required to provide any other insurance.

### Property Insurance

| | | Term | Premium |
|---|---|---|---|
| $ N/A | Ded. Comp., Fire & Theft | N/A Mos. $ | N/A |
| $ N/A | Ded. Collision | N/A Mos. $ | N/A |
| Bodily Injury | $ N/A limits | N/A Mos. $ | N/A |
| Property Damage | $ N/A limits | N/A Mos. $ | N/A |
| Medical | N/A | N/A Mos. $ | N/A |
| | N/A | N/A Mos. $ | N/A |
| Total Property Insurance Premiums | | $ N/A | (1) |

**UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.**

You may buy the required Property Insurance from any company reasonably acceptable to us.

| | |
|---|---|
| Buyer | N/A |
| Co-Buyer | N/A |
| Seller | N/A |

If you purchase any optional credit insurance, then policies or certificates from the insurer will describe the terms and conditions.

### Application for Optional Credit Insurance

☐ Credit life: ☐ Buyer ☐ Co-Buyer ☐ Joint
☐ Credit disability (Buyer)

| | Term | Exp. | | Premium |
|---|---|---|---|---|
| Credit life: | N/A Mos. | N/A | $ | N/A |
| Credit disability: | N/A Mos. | N/A | $ | N/A |
| Total credit insurance premiums | $ N/A | | (2) | |
| Name of insurance company | | N/A | | |
| Address (home office) | | N/A | | |

Credit insurance is not required to obtain credit and is not a factor in our credit decision. We will not provide it unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We have quoted above ONLY the coverages you have chosen to purchase.

You are applying for the credit insurance marked above. Your signature below means that you agree that: 1. You are not eligible for insurance if you have reached your 65th birthday. 2. You are not eligible for disability insurance unless you are working at least 30 hours a week for wages or profit on the Effective Date. 3. Only the Buyer, not the Co-Buyer, is eligible for disability insurance. **DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS. REFER TO THE "TOTAL DISABILITIES NOT COVERED" SECTION IN YOUR POLICY FOR DETAILS.**

Sign if you want to buy credit insurance.

| N/A | N/A | | N/A |
|---|---|---|---|
| Date | Buyer | | Age |
| N/A | N/A | | N/A |
| Date | Co-Buyer | | Age |

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

**WARNING:**

YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S _Kerry Kent Keisel_   S/S _____

## Additional Protections

You may buy or decline the following Gap Waiver (debt cancellation agreement) or any of the following service or other contracts. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. These voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no charge is given for an item, you have declined to purchase any such item. References to "1.I.1." to "1.I.5.", "1.K.", and "1.L.1." below are to the Itemization of Amount Financed on Page 2 of this Contract.

| Service Contracts Company | Term | Price |
|---|---|---|
| Vehicle Protection | 730 | See 1.I.1 |
| N/A | N/A | See 1.I.2 |
| N/A | N/A | See 1.I.3 |
| N/A | N/A | See 1.I.4 |
| N/A | N/A | See 1.I.5 |

| _Kerry Keisel_ | 08/23/19 | N/A | N/A |
|---|---|---|---|
| **Buyer:** Kerry Kent Keisel | Date | Co-Buyer: | Date |

☒ Gap Waiver

Term __72__ months

Price $ __See 1.K.__

See Gap Waiver (now made a part of this Contract) for conditions and exclusions.

☐ Optional Used Vehicle Contract Cancellation

Option Agreement   Price: __See 1.L.1.__

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| **Buyer:** | Date | Co-Buyer: | Date |

DocuSign Envelope ID: 88DF450A-7D25-4DE8-A9AF-8B9E2046DC7B

This is a copy view of the Authoritative Copy held

## Additional Terms of this Contract and Security Agreement

**Finance Charge and Payments.** You agree to pay the Amount Financed and Finance Charge as provided in the Payment Schedule in the TRUTH-IN-LENDING DISCLOSURE on Page 1 of this Contract. You also agree to pay the Late Charge described on Page 1, and all other amounts required under this Contract. Finance Charge will be computed each day. Finance Charge is computed at the Annual Percentage Rate shown on Page 1 of this Contract. We may apply each payment to the Finance Charge, the unpaid part of the Amount Financed, and other amounts due under this Contract in any order we choose.

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, and all proceeds. You also assign to us and give us a security interest in proceeds and refunds under any insurance policy, service contract or other contract purchased with this Contract as the law allows.

**General Terms.** You have been given the opportunity to purchase the Vehicle and described services for the Total Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You chose to purchase the Vehicle and services over time. The Total Sale Price shown in the TRUTH-IN-LENDING DISCLOSURE assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the Amount Financed balance, and when the Amount Financed has been paid in full, refund it to you. You understand and agree that we (or our affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other goods and services that you buy through us or our affiliate.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

The law of California will govern this transaction. Applicable federal law and regulations also govern it.

The entire agreement between you and us is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

**Name and Location.** Your name and address indicated on Page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days' notice prior to changing your name or principal residence. You agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract.

You agree that the Vehicle will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Ownership and Duties Toward Vehicle.** By giving us a security interest in the Vehicle, you represent and agree to the following:

A. The security interest you are giving us in the Vehicle and other property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Vehicle and other property ahead of the claim of anyone else. You will not do anything to change our interest in the Vehicle and other property.

B. You will defend our interests in the Vehicle and other property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Vehicle and other property ahead of the claim of anyone else.

C. You will keep the Vehicle in your possession in good condition and repair. You will use the Vehicle for its intended and lawful purposes. You agree not to remove the Vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the Vehicle or this Contract without our written permission. You agree to keep the Vehicle free from seizure, confiscation, or involuntary transfer. Unless otherwise agreed in writing, the Vehicle will be located primarily at your address listed on Page1 of this Contract.

D. You will pay all taxes and assessments on the Vehicle as they become due.

E. You will notify us of any loss or damage to the Vehicle. You will provide us reasonable access to the Vehicle for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.

B. You become a debtor in any bankruptcy proceeding, or others take legal action to collect money or repossess the Vehicle from you.

C. You fail to pay all you owe under this Contract if the Vehicle becomes a total loss or is missing or stolen.

D. You give inaccurate, incomplete, or misleading information on your credit application or in this Contract (See the "Information You Provide to Us" section of this Contract).

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees, and fees for repossession, repair, storage and sale of the Vehicle securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**Gap Liability Notice.** In the event of theft or damage to your Vehicle that results in a total loss, there may be a gap between the amount you owe under this Contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. Optional Gap Waiver may be offered for an additional charge.

**Remedies.** If you default on this Contract, we may exercise the remedies provided by law and this Contract subject to any right the law gives you to reinstate this Contract. Those remedies include:

A. We may require you to immediately pay us, subject to any refund or reinstatement rights, the remaining unpaid balance of the Amount Financed, finance charges and all other agreed charges.

B. We may pay taxes, assessments, or other liens or make repairs to the Vehicle if you have not done so. We are not required to do so. You will repay us that amount when we

DocuSign Envelope ID: 88DF858A-712B-4058-8CAF-8B0E2B64DC7B

This is a copy view of the Authoritative Copy held

tell you to do so. That amount will earn finance charges from the date we pay it at the Annual Percentage Rate stated in the *Truth-In-Lending Disclosure* of this Contract, not to exceed the highest rate permitted by law.

C. We may require you to make the Vehicle available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Vehicle by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Vehicle and apply what we receive as provided by law to our reasonable expenses and then toward your obligations. Our reasonable expenses can include, among other things, costs of repossession, storage, sale preparation, and sale.

E. If the Vehicle is repossessed, a total loss, confiscated or stolen, we may claim benefits under or cancel any insurance, maintenance, service, or other contract purchased under this Contract and use the resulting proceeds or refund of unearned charges to reduce what you owe under this Contract.

F. Except when prohibited by law, we may sue you for remaining amounts if the proceeds of a sale do not pay all of the amounts you owe us. You will pay interest on these remaining amounts until paid at the Annual Percentage Rate shown on Page 1 of this Contract, not to exceed the highest rate permitted by law.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again. You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Vehicle securing this Contract and taken into possession as provided above.

If the Vehicle has an electronic tracking device, you agree that we may use the device to find the Vehicle.

**Returned Check Charge.** You may be liable for collection costs incurred in connection with this Contract. This includes a fee, not to exceed $15, for each check, share draft or negotiable order of withdrawal offered as payment that is returned dishonored by a depository institution.

**Property Insurance.** You agree to buy property insurance on the Vehicle protecting against loss and physical damage and otherwise acceptable to us. You will name us as loss payee on any such policy. In the event of loss or damage to the Vehicle, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Vehicle. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full. If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Vehicle or, at our option, your and our interests in the Vehicle. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the Annual Percentage Rate stated in the *Truth-In-Lending Disclosure* of this Contract or, at our option, the highest rate the law permits.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any Co-Buyer or Guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit, it will not affect your duty to pay this Contract.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Information You Provide to Us.** We have based our decision to enter into the Contract on the information you supplied in any credit applications and in this Contract, including the payoff amount on any trade-in. We relied on the information because you assured us it is accurate. You now repeat that assurance, and you warrant and represent as follows:

◆ All that information is accurate, complete and not misleading.

◆ You believe that information will remain correct and will not change. You have no reason to suspect otherwise.

◆ Unless you tell us in writing before you sign this Contract, Buyer and Co-Buyer will each use and own the Vehicle, even if that is not shown on the vehicle title.

You will provide us with documents and other information we request to verify that any items of that information are correct.

**Our Warranties: UNLESS WE AS SELLER, IN A SALE FOR PERSONAL USE, EITHER EXTEND A WRITTEN WARRANTY OR SERVICE CONTRACT WITHIN 90 DAYS OF THE DATE OF THIS CONTRACT, OR SELL THE VEHICLE WITH A WRITTEN WARRANTY, THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, CONCERNING THE VEHICLE, INCLUDING IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

**This provision does not affect any warranties of the Vehicle provided by the vehicle manufacturer. If the Vehicle was sold as a certified used vehicle, the warranty of merchantability is not disclaimed.**

### Claim Procedure

If you have purchased credit disability insurance in connection with this Contract, the following claim procedure applies.

DocuSign Envelope ID: 68DFA5DE-71C5-45E6-BCAF-8D0E2D40C7B

If you become disabled, tell us (your creditor) right away. (We advise you to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. Send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payments, **WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER** your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months as a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

### Owner Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "*you*" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your Interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you. **You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|---|---|
| By: | Date |
| Signature of Third Party Owner (NOT the Buyer) | |

If the primary use of the Vehicle is not personal, family or household use, then this is not a consumer contract, and the following notice does not apply.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

### Used Car Buyer's Guide

**Used Car Buyer's Guide.** The information you see on the window form for this Vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale.

### Guía para compradors de vehículos usados

**Guía para compradors de vehículos usados.** La información que aparece en la ventanilla de este vehículo forma parte de este contrato. La información contenida en el formulario de la ventanilla anula cualquier estipulación que establezca lo contrario y que aparezca en el contrato de venta.

### Right of Seller to Cancel

If you sign the Right of Seller to Cancel in the "Signatures" section of this Contract, you agree to the following:

◆ You acknowledge that it may take a few days for the Seller to verify your credit and assign the Contract to a financial institution.

◆ If the Seller is unable to get a financial institution it regularly does business with to accept an assignment of the Contract on terms that are satisfactory to the Seller, the Seller may elect to cancel (rescind) the Contract by giving you a notice of cancellation within 10 days after the date you signed this Contract.

◆ Upon receipt of a notice of the cancellation within 10 days after you signed this Contract, you agree to immediately return the Vehicle to the Seller free of all liens apart from this Contract in the same condition as it was in when you received it, except for reasonable wear and tear.

◆ After you return the Vehicle, the Seller agrees to return to you any trade-in vehicle and all amounts you paid to the Seller under this Contract.

◆ You agree that, if you do not immediately return the Vehicle to the Seller, the Seller will be entitled to recover all amounts you owe the Seller under this Contract to the extent permitted by law.

◆ You also agree that, if you do not immediately return the Vehicle to the Seller, the Seller will be entitled to repossess the Vehicle, and you will pay the Seller all its expenses (including attorneys' fees) incurred in repossessing the Vehicle, to the extent permitted by law.

◆ You agree that, until the Seller receives the Vehicle back from you, you will continue to have all the Buyer's obligations under this Contract, including, but not limited to, the provisions regarding insurance and use of the Vehicle; you will have all the risk of loss or damage to the Vehicle; and you will be responsible for any injuries or property damage caused by use of the Vehicle.

◆ You agree that if the Vehicle is damaged before it is retuned to the Seller you will pay the Seller the cost of repairing it.

◆ You agree that the provisions of this "Right of Seller to Cancel" will continue to be effective even after this contract is cancelled.

DocuSign Envelope ID: 8330D3EB-BF71-45F4-B384-DCAF-8C0E2040C7B
This is a copy view of the Authoritative Copy held
by the designated custodian.

## Additional Important Notices

**Notice of Complaints.** If you have a complaint concerning this sale, you should try to resolve it with the seller.

Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.

After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.



| Buyer Kerry Kent Keisel | Co-Buyer N/A |
|---|---|

**Waiver of Confidentiality.** California Vehicle Code Section 1808.21 provides, among other things, that your resident address in any record of the California Department of Motor Vehicles is confidential.

You waive this provision and authorize the California Department of Motor Vehicles to furnish your residence address to us.

| N/A | N/A |
|---|---|
| **Buyer** | **Co-Buyer** |

*[This space intentionally left blank.]*

*[This space intentionally left blank.]*

DocuSign Envelope ID: 8330D3EB-BF00-C5EF-8AF-8D8234DC7B

This is a copy view of the Authoritative Copy held

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

### Notice To Buyer.
**(1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled-in copy of this agreement. (3) You can prepay the *full* amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

☐ If this box is checked, you will owe no Finance Charge if you pay the Amount Financed on or before _____N/A_____ (date) Seller's initials ___N/A___ .

### Signatures

Changes to this Contract must be in writing and signed by both you and our authorized representative. Oral changes are not binding.

_Kerry Keisel_
_____       _____
**Buyer signs**                **Co-Buyer signs**

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

**Right of Seller to Cancel.** By signing below, you agree that the *Right of Seller to Cancel* section of this Contract will apply. This provision gives us the right to cancel this Contract if we are unable to assign the Contract.

_____N/A_____              _____N/A_____
_____       _____
**Buyer**                      **Co-Buyer**

You agree to the terms of this Contract. By signing below, you become legally obligated to perform the terms of this Contract and acknowledge that **(1) before you signed it, we gave you the completely filled-in Contract and you had a chance to take it and thoroughly read and review it, and (2) you received a completely filled-in copy of the Contract.**

### THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.

California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or you wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud.

However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**Buyer**                      **Co-Buyer**

_Kerry Keisel_   08/23/19        N/A              N/A
_____       _____
Kerry Kent Keisel   **Date**    **Date**

**Seller**

_signature_                                      08/23/19
_____
**By:** CARVANA, LLC                             **Date**

**Assignment.** This Contract and Security Agreement is assigned to
_N/A_____
_____ ,
the Assignee, phone _____N/A_____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee. ☐ This Assignment is made with recourse.

Seller

_N/A_____
By                                               Date

**CARVANA**

1930 W. Rio Salado Pkwy
Tempe, AZ 85281
Office: 602.852.6604
Fax: 602.667.2581
Email: legal@carvana.com

Date: September 09,
2019

To Whom It May Concern,

This letter shall serve as formal acknowledgement that Bridgecrest is a valid loan servicer for
Carvana loans.

If you have any questions, please contact me at the email address or phone number above.

Sincerely,

Name: Paul Breaux

Title: General Counsel, Vice President, and Secretary

1930 W. Rio Salado Pkwy | Tempe, AZ 85281 | O: 602.852.6604 | F: 602.667.2581

# EXHIBIT "2"



ELT Printout without Account Information

Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Carvana LLC

## Lien and Title Information

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | FPU |
| **Lienholder** | CARVANA LLC |
| **Lienholder Address** | PO BX 29002<br>PHOENIX, AZ 85038 |
| **Lien Release Date** | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 1C4RJFJT8EC554697 | **Issuance Date** | 9/12/2019 |
| **Title Number** | | **Received Date** | 9/14/2019 |
| **Title State** | CA | **ELT/Paper** | ELECTRONIC |
| **Year** | 2014 | **Odometer Reading** | 67202 08/23/2019 |
| **Make** | JEEP | **Branding** | |
| **Model** | | | |
| **Owner 1** | KEISEL KERRY KENT | | |
| **Owner 2** | | | |
| **Owner Address** | 8111 WINDY SEA CIR<br>HUNTINGTN BCH, CA 92647 | | |

**Printed:** Thursday, November 12, 2020 12:54:17 PM PST

# EXHIBIT "3"

11/12/2020                    Did you know J.D. Power's industry-leading valuations data drives jdpower.com? Learn more



NADAguides Value Report 11/12/2020

# 2014 Jeep Grand Cherokee

## Utility 4D Summit 4WD

⇄ CHANGE CAR     ⊕ COMPARE

## Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $16,775 | $18,150 | $19,250 | $22,300 |
| Mileage (81,202) | $325 | $325 | $325 | $325 |
| Total Base Price | $17,100 | $18,475 | $19,575 | $22,625 |
| **Options** | | | | |
| **Price + Options** | **$17,100** | **$18,475** | **$19,575** | **$22,625** |

Selling Your Car? **Get an Online Offer** in 2 Minutes.

# EXHIBIT "4"

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Kerry Kent Keisel** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 108

# Statement of Intention for Individuals Filing Under Chapter 7                    12/15

If you are an individual filing under chapter 7, you must fill out this form if:

■ creditors have claims secured by your property, or

■ you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List Your Creditors Who Have Secured Claims |
|---|---|

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Bridgecrest**<br><br>Description of property securing debt: **2014 Jeep Grand Cherokee 83,000 miles To be surrendeered** | ■ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>■ Yes |

| Part 2: | List Your Unexpired Personal Property Leases |
|---|---|

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name:<br>Description of leased Property: | ☐ No<br><br>☐ Yes |
| Lessor's name:<br>Description of leased Property: | ☐ No<br><br>☐ Yes |
| Lessor's name: | ☐ No |

| Official Form 108 | Statement of Intention for Individuals Filing Under Chapter 7 | page 1 |
|---|---|---|

Debtor 1    **Kerry Kent Keisel**                                    Case number *(if known)*

Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                       ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                       ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                       ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                       ☐ No
Description of leased
Property:                                                            ☐ Yes

---

**Part 3:    Sign Below**

---

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal
property that is subject to an unexpired lease.

X _____            X _____
**Kerry Kent Keisel**                                   Signature of Debtor 2
Signature of Debtor 1

Date    _____09/03/20_____                       Date    _____

Official Form 108            **Statement of Intention for Individuals Filing Under Chapter 7**            page 2

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1920 Old Tustin Ave, Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/17/2020   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Michael E Clark: ecf@blclaw.com (debtor's counsel)
Thomas H Casey (TR): msilva@tomcaseylaw.com (trustee)
US Trustee: ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 11/17/2020   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Kerry Kent Keisel: PO Box 321, Manti, UT 84642
Honorable Erithe A. Smith: 411 West Fourth Street, Suite 5040, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/17/2020 | Brandy Carroll | /s/ Brandy Carroll |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.